**Electronically Filed
Intermediate Court of Appeals
30225
17-MAY-2011
07:55 AM**

NO. 30225

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER
THE POOLING AND SERVICING AGREEMENT RELATING TO IMPAC
SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2007-2, Plaintiff-Appellee,
v.
WAYNE PEELUA, Defendant-Appellant,
JOHN DOES 1-50, and JANE DOES 1-50, Defendants-Appellees.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(DC-CIVIL NO. 09-1-1872)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Wayne Peelua (Peelua), appeals from the Judgment for Possession and Writ of Possession issued in favor of Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp., Mortgage Pass-through Certificates, Series 2007-2 (Deutsche Bank), filed on November 18, 2009 in the District Court of the Second Circuit, Lahaina Division (District Court).[1]

---

[1] The Honorable Barclay MacDonald presided at the hearing on Peelua's Motion To Dismiss and the Honorable Rhonda Loo presided at trial.

Peelua contends on appeal that: (1) the District Court lacked jurisdiction in this matter pursuant to Hawaii Revised Statutes (HRS) § 604-5(d) (2010) because he properly raised the issue of title to the subject property; and (2) Deutsche Bank does not possess a certificate of authority pursuant to HRS § 414-432, which he claims is necessary to conduct business in the State of Hawai'i.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Peelua's points of error as follows:

(1) We review Peelua's first point of error *de novo*. Aames Funding Corp. v. Mores, 107 Hawai'i 95, 98, 110 P.3d 1042, 1045 (2005). A motion to dismiss is reviewed based on the contents of the complaint, however, a trial court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." Id. (quoting Casumpang v. ILWU, Local 142, 94 Hawai'i 330, 337, 13 P.3d 1235, 1242 (2000)).

Based on Peelua's Motion to Dismiss, filed on July 30, 2009,[2] along with his affidavit attached to the Motion to Dismiss, Peelua satisfied Rule 12.1 of the District Court Rules of Civil Procedure (DCRCP) in properly asserting "a defense to jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved[.]" DCRCP Rule 12.1 (2010).

HRS § 604-5(d) provides, in relevant part, that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]" In turn, DCRCP Rule 12.1 requires:

---

[2] Peelua filed his Motion to Dismiss contemporaneously with his answer to the complaint.

> **Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be <u>asserted by a written answer or written motion</u>, which shall not be received by the court unless accompanied by an <u>affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question</u>, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(emphases added). In his Motion to Dismiss, Peelua alleged that the District Court did not have jurisdiction in this matter, and that he was the owner of the subject property, which "consists of family lands which have been owned by the Peelua family for generations, including the present ownership by the Defendant." Peelua's affidavit further stated in part that:

> 5.     I am the owner of the Property identified in the Complaint filed in this matter. Because of time constraints, I cannot file a copy of my Deed to the property with the affidavit, but I will furnish a copy of the Deed as soon as I can.
>
> 6.     The Property identified in the Complaint consists of lands which have been owned by the Peelua family (my family) for generations, going back to the time of the Great Mehele [sic].
>
> . . .
>
> 8.     The Property has passed down through my family over time, and it was eventually deeded to me by my family.

At the hearing on Peelua's Motion to Dismiss, the District Court explained that it was denying the motion because Peelua "has not provided any deed or any colorable instrument of title to the Court." Under DCRCP Rule 12.1, however, there is no requirement that a deed or instrument of title be provided to the District Court. <u>See also</u> <u>Brown v. Koloa Sugar Co.</u>, 12 Haw. 409, 411 (Haw. Terr. 1900) (under similar previous rule pertaining to district court jurisdiction, plea and affidavit were held sufficient to establish that district court did not have jurisdiction). Rather, the rule requires an affidavit from the defendant stating "the source, nature and extent of the title

3

claimed" by the defendant. Peelua's affidavit satisfied the requirements of DCRCP Rule 12.1. Similar to the defendant's affidavit submitted in Monette v. Benjamin, 52 Haw. 246, 473 P.2d 864 (1970), Peelua stated the source of his title as being from his family. Moreover, his affidavit stated that the property was deeded to him. As noted in Monette: "The source, nature and extent of the title could have been described more precisely. But failure to do so, did not make the affidavit deficient." Id. at 248, 473 P.2d at 865.

Deutsche Bank points to Aames, arguing that, like the affidavit in Aames, Peelua's affidavit was insufficient to meet the requirements of DCRCP Rule 12.1. As to title, however, the declaration in Aames simply asserted in a conclusory fashion that title was at issue. 107 Hawai'i at 99-100, 110 P.3d at 1046-47. The declaration in Aames also raised issues about the manner in which the mortgage in that case had been consummated, but the court noted that "[n]one of these matters, however, are germane to informing the court as to the 'source,' 'nature,' and 'extent' of the title claimed by the [defendants] as to the land in question." Id. Therefore, Aames is distinguishable.

At the hearing on the Motion to Dismiss, Deutsche Bank pointedly relied on a quitclaim deed attached to its verified complaint, and it appears the District Court may have considered that deed in its decision to deny the motion. DCRCP Rule 12.1 does not provide for consideration of counter-affidavits or counter-evidence. To the extent the District Court considered the quitclaim deed in deciding the Motion to Dismiss, it was in effect ruling on a question of title. Monette, 52 Haw. at 250, 473 P.2d at 866.

Finally, we disagree with Deutsche Bank's assertion that this appeal is moot because Peelua has vacated the property and Deutsche Bank is in possession of the property. Unlike the cases cited by Deutsche Bank, this case does not involve the

filing of a *lis pendens* and there is no assertion or indication in the record that the property has been sold to a third-party. See Lathrop v. Sakatani, 111 Hawai'i 307, 313-14, 141 P.3d 480, 486-87 (2006); IndyMac Bank v. Miguel, 117 Hawai'i 506, 521, 184 P.3d 821, 836 (App. 2008).

For the reasons discussed above, we conclude that the District Court lacked jurisdiction in this matter. HRS § 604-5(d).

(2) In light of our conclusion that the District Court did not have jurisdiction in this matter, we do not have jurisdiction to consider the merits of Peelua's second point of error on appeal. Gilmartin v. Abastillas, 10 Haw. App. 283, 296, 869 P.2d 1346, 1352 (1994).

Therefore, IT IS HEREBY ORDERED that the Judgment for Possession and the Writ of Possession, both issued in favor of Deutsche Bank on November 18, 2009 in the District Court of the Second Circuit, Lahaina Division, are vacated and the case is remanded with instructions to dismiss the case for lack of jurisdiction.

DATED: Honolulu, Hawai'i, May 17, 2011.

On the briefs:

James Richard McCarty
for Defendant-Appellant

Peter T. Stone
Charles R. Prather
Routh Crabtree Olsen
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

5